# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1569V
(not to be published)

PAMELA STRICKER,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: February 15, 2023

Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates; Excessive Billing; Expert Costs

*Firooz Taghi Namei, McKinney & Namei Company, L.P.A., Cincinnati, OH, for Petitioner.*

*Steven Santayana, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 10, 2018, Pamela A. Stricker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome (GBS) after receiving an influenza vaccination on September 11, 2017. Petition at ¶¶ 1, 5. On September 27, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 57.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all sections references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 17, 2022 (ECF No. 58), requesting a total award of $118,935.16 (representing $117,028.75 in fees and $1,906.41 in costs). On October 18, 2022, a scheduling order was filed requesting Petitioner provide documentation in support of her request for attorney's costs, plus a statement pursuant to General Order No. 9 stating if any personal costs were incurred. Petitioner filed the requested documentation on October 27, 2022. ECF Nos. 60 and 61. Submitted in Petitioner's supplemental documentation for costs, however, were invoices not originally included in Petitioner's motion, increasing the amount of costs requested to $2,393.43.

Respondent reacted to the motion on November 2, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 64. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## I.    LEGAL STANDARD

Since Petitioner was awarded compensation for her injury, she is entitled to an award of <u>reasonable</u> attorney's fees and costs. Section 15(e)(1) (emphasis added). As the Federal Circuit has noted, however, these fees and costs are "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377).

Reasonable attorney's fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). In their fee application, claimants "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. at

484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.   ATTORNEY FEES

### A. Hourly Rates

Petitioner requests the rate of $375 per hour for all time billed for attorney Firooz Taghi Namei. ECF No. 58-3 at 8-20.  Mr. Namei has been a licensed attorney in since 1982, placing him in the range of attorneys with over 31 years' experience on the OSM Attorney's Forum Hourly Rate Schedule.[34] *Id.* at 5. Although Mr. Namei has had previous cases in the Program, he has not had an hourly rate set to date.[5] His requested rate is reasonable based on his overall experience, and I shall therefore award it herein.

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016);

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This information was independently obtained by the Court at https://www.avvo.com/attorneys/45202-oh-firooz-namei-524088.html#resume.

[5] Mr. Namei has had previous motions for attorney fees settled by stipulation rather than as Motions for Attorney Fees and costs.

*Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at \*20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at \*5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Namei billed over 15 hours on tasks that are considered more paralegal in nature. Examples of these include:

- October 10, 2019 (1.0 hrs) "Filed case electronically with Court";

- November 13, 2018 (3.0 hrs) "Received the records. Health South, we have to print one page at a time they are all mixed up. Will ask for subpoena, they will take hours";

- April 16, 2019 (1.0 hrs) "Calls X5 to get record";

- August 21, 2019 (1.0 hrs) "Worked on for an hour to file documents, the court's ECF was down"; and

- August 26, 2019 (0.50 hrs) "File exhibits, use the new system to file all exhibits".

ECF No. 58-3 at 2 – 5.

For these tasks, I shall reduce Mr. Taghi's rate to $150 per hour. This adjustment results in a reduction of fees to be awarded by **$4,387.50**.[6]

### C. Research, Excessive, Vague Billing

Additional reductions are appropriate to account for tasks billed that include excessive and vague billing. Mr. Namei billed over 60 hours of time performing miscellaneous research, reading case law and rules regarding the Vaccine Program. But "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at \*2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at \*5 (Fed. Cl. Spec. Mstr. July 13, 2007).

---

[6] This amount consists of $375 - $150 = $225 x 19.50 hrs = $4,387.50.

4

Examples of these entries include:

- September 10, 2018 (4.50 hrs) "Read: Read case law: was there an issue with intubation at St. Rita? Did the problem arose out of that? why did the right lung collapse?";

- September 25, 2018 (3.00 hrs) "Read: Read cases involving her pre-existing problem";

- October 29, 2018 (4.0 hrs) "Research: Research read case law – 4 hours";

- December 14, 2019 (1.50 hrs) "Review: Review damage and case law. What she wants is not attainable. I still don't know how to monetize her job losses. Even without her illness she had lost her job";

- October 13, 2020 (5.0 hrs) "Research: review to respond to request for proof. How to persuade Ms. Davis or her economist that Petition's work and income, although not hourly is still amenable to be calculated have a value. She had been quite successful at what she did. Proving economic damages is what I have done for over 40 years. Read cases on proving economic damages."; and

- October 14, 2021 (4.50 hrs) "Read case law; client doesn't have the N2 publishing contract – now what?"

(ECF No. 58 -3 at 1-3, 7 and 10).

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989). The petitioner bears the burden of documenting the fees and costs claimed. *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. Jul 27, 2009) at *8. Previous special masters have found it reasonable to decrease an award of attorneys' fees for vagueness. *Barry v. Sec'y of Health & Human Servs.*, 12–39V, 2016 WL 2568468 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% for vague billing entries).

I discern in the invoices14 entries that are listed only as "call"; "email" or simply "research". These examples include:

- July 13, 2018 (1.0hrs) "Medical Records";

5

- July 24, 2018 (0.20hrs) "Calls:Calls;

- April 16, 2019 (1.0hrs) "Calls: Calls – 1 hr";

- April 23, 2020 (0.42 hrs) "Email";

- August 19, 2020 (0.50hrs) "Phone Call: Call";

- June 18, 2021 (0.40hrs) "Calls: 3x"; and

- September 20, 2022 (0.50hrs) "Email: and calls".

ECF No. 58-3 at 4 -5, 7, 9 and 12.

Special Masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). I will therefore take into account the foregoing in my final reductions.

### D. Total Percentage Reduction

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Rather, it is appropriate for special masters to (after providing some explanation for their determination) make a total, across-the-board percentage reduction in fees to be awarded.

Mr. Namei billed a total of 320.21 hours in this matter - an amount I deem facially unreasonable and excessive for a Table claim of GBS after the flu vaccine. The paralegal reduction set forth above is alone insufficient to account for the overall excessive nature of the sum billed. Although I am mindful both of the fact that this case was successful for the Petitioner, and that the sum awarded to her exceeds the fees requested, it is still unlikely a "paying" client would deem it appropriate for to compensate counsel for so much work. As a result, I will reduce the total sum to be awarded in attorney's fees by **thirty percent**. This results in an overall reduction for a total of **$33,792.38**.

6

**ATTORNEY COSTS**

Petitioner requests $2,393.43 in overall costs. ECF No. 58-3 at 2 -3, 6, 10 and ECF No. 60. This amount is comprised of obtaining medical records, expert costs, shipping, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with a few exceptions as follows:

A. Expert Costs

Petitioner is requesting $1,750.00 in expert costs incurred by Professor Michael Jones to assist with calculating economic damages. Mr. Namei did not receive prior authorization from the Court, before incurring such expenses. Mr. Namei did, however, request permission from the Court for an expert at a later date. *See Informal Remark*, at September 9, 2021. As Respondent was authorized to obtain an expert in this matter, it was appropriate for Petitioner to also obtain their own. Costs incurred for Mr. Jones will therefore be awarded in full (although in future cases counsel must obtain advance approval before retaining an expert and incurring related costs).

B. Unsupported Costs

Upon review of Petitioner's request for attorney costs, there are several costs that have not been substantiated with any supporting documentation. These costs are:

- October 18, 2018 – "Reimbursable expenses: Courier Charges" - $49.05;

- October 18, 2018 – "Reimbursable expenses: Courier Charges" - $49.05;

- October 18, 2018 – "Reimbursable expenses: Courier Charges" - $49.05; and
- November 29, 2018 – "Reimbursable expenses: Courier charges" - $9.26.

(ECF No. 58-3 at 2-3).[7]

As these costs have no supporting documentation, they will not be reimbursed.

---

[7] There are three charges for "reimbursable expenses" listed at ECF No. 58-3 at page 2 for a total of $147.15.

After applying these reductions to Petitioner's request, the amount of costs to be awarded is reduced by **$156.41**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$81,085.89** (representing $78,848.87 in fees and $2,237.02 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.